UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AHMED AL-KHAWALANI,                                    Case No. 2:19-cv-00182

       Petitioner,                                    Hon. Janet T. Neff
                                   U.S. District Judge

   v.

U.S. DEPARTMENT OF
HOMELAND SECURITY,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

### I.  Facts and Analysis

On September 11, 2019, Petitioner Ahmed Al-Khawalani filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.   (ECF No.1, PageID.1-8.)   He seeks release from the custody of the Department of Homeland Security, United States Immigrations and Customs Enforcement (ICE).

Petitioner, a citizen of Yemen, entered the United States at an unknown time and was convicted of kidnapping and a weapon offense.   (ECF No. 1-1, PageID.11-12.)   ICE took Al-Khawalani into custody after he was released from the custody of the Michigan Department of Corrections.   Al-Khawalani was placed in ICE custody for deportation to Yemen.

In this petition, Al-Khawalani requests immediate deportation or placement on supervision.   On September 24, 2019, Al-Khawalani was removed by ICE to the

county of Yemen.   (ECF No. 9, PageID.28, 32-33.)   Respondent has moved to dismiss the petition due to mootness and for lack of jurisdiction.   (ECF No. 8.)

Article III's case or controversy requirement must be satisfied throughout all stages of litigation.   *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.").   A case becomes moot "when the issues presented are no longer 'live' *or* the parties lack a legally cognizable interest in the outcome." *Gottfried v. Medical Planning Services, Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis in original) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978)).

It is respectfully recommended that this Court dismiss the petition because Al-Khawalani has been removed from the United States to the country of Yemen.   A request for removal in a habeas petition becomes moot after petitioner is removed from the United States and is no longer in ICE custody.   *Van v. Adducci*, No. 1:13-cv-1299 (W.D. Mich., Oct. 16, 2014.)   This case no longer presents an actual controversy.

## II.   Recommendation

Therefore, it is recommended that the Court GRANT Respondent's motion to dismiss (ECF No. 8) the petition as moot.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections

- 2 -

constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:    April 1, 2020                                   /s/ *Maarten Vermaat*

                                                          MAARTEN VERMAAT
                                                          U.S. MAGISTRATE JUDGE

- 3 -